UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLAY YOUNG, WILLIE YOUNG ) <br> OLIVIA YOUNG, Individually and as Mother ) <br> and Next Friend of BIANCA YOUNG, ) <br> KATARINA YOUNG, as Mother and Next ) <br> Friend of KATHERINE YOUNG, ) <br> ALICIA YOUNG, DERRICK McKINLEY, ) <br> and TOMMY JACKSON, minors, and ) <br> MONTRELL YOUNG, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> CITY OF CHICAGO, ILLINOIS, CHICAGO ) <br> POLICE OFFICER JOSE VAZQUEZ, ) <br> STAR # 13088, CHICAGO POLICE ) <br> OFFICER BIRMINGHAM, STAR # 9486, ) <br> CHICAGO POLICE OFFICER TURNEY, ) <br> STAR # 17812, CHICAGO POLICE OFFICER ) <br> CURRY, STAR #1400, CHICAGO POLICE ) <br> OFFICER SANCHEZ, STAR # 19244, And ) <br> CERTAIN NOW UNKNOWN CHICAGO ) <br> POLICE OFFICERS, ) <br> ) <br> Defendants. ) | No. 08 C 0426 <br><br> Judge Gettleman <br><br> Magistrate Judge Cox <br><br> JURY DEMANDED |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES,**
**AND JURY DEMAND TO PLAINTIFFS' COMPLAINT**

Defendant City of Chicago (the "City"), by its attorney, Mara S. Georges, Corporation

Counsel of the City of Chicago, answers plaintiffs' complaint as follows:

      1.    This is an action by Citizens [sic] of the United States and residents of the City of Chicago, Illinois. This action arises under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983 and under the Illinois State Constitution and State laws.

**ANSWER:** **The City admits that plaintiffs purport to bring this action pursuant to 42**

**U.S.C. § 1983 and under the Illinois State Constitution and State laws. The City is without**

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## PARTIES

2.  Plaintiffs CLAY YOUNG, WILLIE YOUNG, OLIVIA YOUNG, KATHERINE YOUNG, ALICIA YOUNG, BIANCA YOUNG, MONTRELL YOUNG, DERRICK McKINLEY, and TOMMY JACKSON, are African American citizens of the United States and a resident [sic] of the City of Chicago, County of Cook, State of Illinois.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3.  Defendant CITY OF CHICAGO, ILLINOIS, is a municipal corporation under the laws of the State of Illinois and the employer of Defendants CHICAGO POLICE OFFICER JOSE VAZQUEZ, STAR # 13088, CHICAGO POLICE OFFICER BIRMINGHAM, STAR # 9486, CHICAGO POLICE OFFICER TURNEY, STAR # 17812, CHICAGO POLICE OFFICER CURRY, STAR # 1400, CHICAGO POLICE OFFICER SANCHEZ, STAR # 19244, and CERTAIN NOW UNKNOWN CHICAGO POLICE OFFICERS, and at all times relevant to this complaint were responsible for supervising and determining the policies directing the actions of the Police officer Defendants.

**ANSWER:** The City admits that it is a municipal corporation, duly incorporated under the laws of the State of Illinois. The City further admits that, upon information and belief, based on Chicago Police Department records, Michael W. Birmingham, Star #9486, James B. Turney, Star #17812, and Orlando Sanchez, Jr., Star #19244 are Chicago Police officers. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

4.  Defendant CHICAGO POLICE OFFICER JOSE VAZQUEZ, STAR # 13088, is a police officer of the City of Chicago who participated in the events referred to in this complaint below.

**ANSWER:** **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

5.  CHICAGO POLICE OFFICER JOSE VAZQUEZ, STAR # 13088, CHICAGO POLICE OFFICER BIRMINGHAM, STAR # 9486, CHICAGO POLICE OFFICER TURNEY, STAR # 17812, CHICAGO POLICE OFFICER CURRY, STAR # 1400, CHICAGO POLICE OFFICER SANCHEZ, STAR # 19244, [sic]

**ANSWER:** **The City admits that, upon information and belief, based on Chicago Police Department records, Michael W. Birmingham, Star #9486, James B. Turney, Star #17812, and Orlando Sanchez, Jr., Star #19244 are Chicago Police officers. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

6.  Defendants CERTAIN NOW UNKNOWN CHICAGO POLICE OFFICERS, are Caucasian police officers of the Defendant CITY OF CHICAGO, ILLINOIS, and at all times relevant to this complaint were acting under authority of Illinois State law and the laws and ordinances and rules and regulations of the CITY OF CHICAGO, ILLINOIS.

**ANSWER:** **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

## FACTS

7.  On or about 1:00 a.m., on November 29, 2005 Plaintiffs were in their home at 165 N. LaPorte, Chicago, Illinois, a two flat building with a basement apartment.

**ANSWER:** **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

8.  Plaintiffs were not violating any law at the time and place above.

**ANSWER:** **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

9. At that time and location Defendants, CHICAGO POLICE OFFICER JOSE VAZQUEZ, STAR # 13088, CHICAGO POLICE OFFICER BIRMINGHAM, STAR # 9486, CHICAGO POLICE OFFICER TURNEY, STAR # 17812, CHICAGO POLICE OFFICER CURRY, STAR # 1400, CHICAGO POLICE OFFICER SANCHEZ, STAR # 19244, and CERTAIN NOW UNKNOWN CHICAGO POLICE OFFICERS, broke down the door of each apartment, and entered with guns drawn and pointed weapons at each Plaintiff and without consent searched their apartments.

**ANSWER:** **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

10. Defendants, CHICAGO POLICE OFFICER JOSE VAZQUEZ, STAR # 13088, CHICAGO POLICE OFFICER BIRMINGHAM, STAR # 9486, CHICAGO POLICE OFFICER TURNEY, STAR # 17812, CHICAGO POLICE OFFICER CURRY, STAR # 1400, CHICAGO POLICE OFFICER SANCHEZ, STAR # 19244, and CERTAIN NOW UNKNOWN CHICAGO POLICE OFFICERS. Never "knocked and announced" before breaking down the door to the apartment.

**ANSWER:** **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

11. When Plaintiffs asked on what authority they were proceeding Defendants, CHICAGO POLICE OFFICER JOSE VAZQUEZ, STAR # 13088, CHICAGO POLICE OFFICER BIRMINGHAM, STAR # 9486, CHICAGO POLICE OFFICER TURNEY, STAR # 17812, CHICAGO POLICE OFFICER CURRY, STAR # 1400, CHICAGO POLICE OFFICER SANCHEZ, STAR # 19244, and CERTAIN NOW UNKNOWN CHICAGO POLICE OFFICERS, answered that they had a warrant for someone other than any of the Plaintiffs and the warrant did not indicate what apartment unit was to be searched.

**ANSWER:** **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

12. At all times relevant to this complaint Defendants, CHICAGO POLICE OFFICER JOSE VAZQUEZ, STAR # 13088, CHICAGO POLICE OFFICER BIRMINGHAM, STAR # 9486, CHICAGO POLICE OFFICER TURNEY, STAR # 17812, CHICAGO POLICE OFFICER CURRY, STAR # 1400, CHICAGO POLICE OFFICER SANCHEZ, STAR # 19244, and CERTAIN NOW UNKNOWN CHICAGO POLICE OFFICERS, were acting under the authority and specific directions of agents of Defendant, CITY OF CHICAGO, with specific directions based on the policies of the Defendant, CITY OF CHICAGO.

**ANSWER:** **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

13. None of the Plaintiffs were engaged in any illegal activity.

**ANSWER:** **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

14. No contraband found on the Plaintiff's premises.

**ANSWER:** **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

15. Plaintiffs complained to the Chicago Police Department about the activities above.

**ANSWER:** **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

16. After the improper search of the premises and after Plaintiffs complained, Defendant, THE CITY OF CHICAGO, filed a notice of violation and summons, Dept. of Buildings NOV# 506F067321 against Katherine young [sic], the deceased co-owner with her husband, Plaintiff CLAY YOUNG of the premises at 165 N. LaPorte, Chicago, Docket no. 506F067321, alleging building code violations on December 5, 2005, six days after the police action.

**ANSWER:** On information and belief, based upon records in its possession, the City admits that a Notice of Violation of Summons, designated as "Department of Buildings NOV # 506F067321," alleging violations of the Chicago Municipal Code pertaining to a property at 165 N. La Porte Avenue in Chicago, Illinois, was mailed to Clay Young, Jr., and Katherine Young. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

17. Plaintiff CLAY YOUNG received a letter concerning code violations the alleged violations which included violations for a broken exterior door which was the door broken in by the police; failure to post management signs and a loose toilet bowl from John E. Knight, Commissioner.

**ANSWER:** On information and belief, based upon records in its possession, the City admits that an Administrative Complaint, designated as "Department of Buildings NOV # 506F067321," indicated that Clay Young, Jr., and Katherine Young had failed to comply with the Municipal Code of Chicago in that the property at 165 N. La Porte Avenue in Chicago, Illinois, had a broken exterior door, an absent management sign, and a loose plumbing fixture. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

18. The letter stated, *inter alia*, "STF, working in conjunction with the Department of Law, Fire, Police and Health, strives to reduce crime and improve the quality of life in buildings throughout the City of Chicago. Typically, buildings that have been inspected by STF are those identified by the Police Department as locations associated with criminal activity."

**ANSWER:** The City denies the allegations in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

19. Prior to the police action Plaintiff CLAY YOUNG had never received a building code violation in the 40 years he had owned the building at 165 N. LaPorte, Chicago.

**ANSWER:** **The City denies the allegations in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

20. Plaintiffs were assaulted and humiliated by DEFENDANTS, CHICAGO POLICE OFFICER JOSE VAZQUEZ, STAR # 13088, CHICAGO POLICE OFFICER BIRMINGHAM, STAR # 9486, CHICAGO POLICE OFFICER TURNEY, STAR # 17812, CHICAGO POLICE OFFICER CURRY, STAR # 1400, CHICAGO POLICE OFFICER SANCHEZ, STAR # 19244, and CERTAIN NOW UNKNOWN CHICAGO POLICE OFFICERS at the direction of agents of DEFENDANT CITY OF CHICAGO and with the consent and acquiescence and permission and direction of various agents of Defendant CITY OF CHICAGO, ILLINOIS either at the direction of or because of willful and wanton lack of supervision over its agents.

**ANSWER:** **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

21. Plaintiff CLAY YOUNG, was retaliated against by Defendant CITY OF CHICAGO, for complaining about the actions by the Defendants.

**ANSWER:** **The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

22. Prior to the date of November 2005 and since then, there was in effect a federal law known as the Civil Rights Act of 1871, 42 U.S.C. 1983.

**ANSWER:** **The City admits the allegations in this paragraph.**

23. The actions outlined above by Defendants violated the Plaintiffs' rights against unreasonable search and seizure under the Civil Rights Act and the Fourth and Fourteenth amendments to the U.S. Constitution; The Illinois Constitution and Illinois law.

**ANSWER:** The City denies the allegations in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

24. As a proximate result of Defendants' actions Plaintiffs were injured resulting in damages in the form of humiliation, emotional distress, attorney's fees and other injuries resulting in damages in amounts to be proven at trial.

**ANSWER:** The City denies the allegations in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

**WHEREFORE, defendant City of Chicago prays that this Court enter judgment in its favor on plaintiffs complaint, award defendant such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper**.

### JURY DEMAND

**Defendant City of Chicago requests a trial by jury.**

### AFFIRMATIVE DEFENSES

1. The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages when its employee or agent was acting outside the scope of his or her employment. 745 ILCS 10/9-102 (2006).

      2.      To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (2006).

      3.      Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it to the injured party or a third party. 745 ILCS 10/2-102 (2006).

      4.      The City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

      5.      To the extent that plaintiffs failed to mitigate their damages, any verdict or judgment awarded to plaintiffs must be reduced by application of the principle that plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

      6.      To the extent any injuries or damages claimed by plaintiffs were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of plaintiffs, any verdict or judgment obtained by plaintiffs must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiffs by the jury in this case.

      7.      The City is not liable to plaintiffs if its employees or agents are not liable to the plaintiffs. 745 ILCS 10/2-109 (2006).

      8.      The statue of limitations for any claim under Illinois state law that plaintiffs are attempting to plead is one year. 745 ILCS 10/8-101. To the extent that plaintiffs' claims under

state law accrued more than one year prior to the filing of this complaint against the Defendant Officers and the City, those claims are time barred and should be dismissed.

                                                              Respectfully submitted,

                                                              MARA S. GEORGES
                                                              Corporation Counsel
                                                              of the City of Chicago

                                        By:    */s/ Robert C. Rutherford, Jr.*
                                                              ROBERT C. RUTHERFORD, Jr.
                                                              DÉJA C. NAVE
                                                              Assistants Corporation Counsel

Employment & Policy Litigation
30 N. LaSalle Street, Suite 1020
Chicago, IL 60602
(312) 742-7036/ 744-6951

## **CERTIFICATE OF SERVICE**

I certify that, on April 11, 2008, I caused a true and correct copy of **Defendant City of Chicago's Answer, Defenses, and Jury Demand to Plaintiffs' Complaint,** to be served on plaintiffs' attorneys by electronic filing.

    Armand Andry
    One S. Dearborn
    Chicago, IL 60603
    (773)626-3058

    s/ *Robert C. Rutherford, Jr.*
    ROBERT C. RUTHERFORD, Jr.
    Assistant Corporation Counsel

Employment and Policy Litigation Division
30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 742-7036