IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CLAY YOUNG, WILLIE YOUNG, )
OLIVIA YOUNG, Individually and as Mother )
and Next Friend of BIANCA YOUNG, )
KATARINA YOUNG, as Mother and Next )
Friend of KATHERINE YOUNG, )
ALICIA YOUNG, DERRICK McKINLEY, ) Case No. 08 C 00426
and TOMMY JACKSON, minors, and )
MONTRELL YOUNG, )
                                                                          ) Judge Gettleman
)
            Plaintiffs, ) Magistrate Judge Cox
)
       v. )
)
CITY OF CHICAGO, ILLINOIS, CHICAGO POLICE )
OFFICER JOSE VAZQUEZ, STAR # 13088, CHICAGO )
POLICE OFFICER BIRMINGHAM, STAR # 9486, )
CHICAGO POLICE OFFICER TURNEY, STAR # 17812, )
CHICAGO POLICE OFFICER CURRY, STAR # 1400, )
CHICAGO POLICE OFFICER SANCHEZ, STAR # 19244, )
And CERTAIN NOW UNKNOWN CHICAGO )
POLICE OFFICERS, )
)
            Defendants. ) JURY DEMANDED

**JOINT STATUS REPORT**

A. This matter is set for a status hearing on Thursday June 19, 2008, at 9:00 a.m. before the Hon. Robert W. Gettleman, District Judge, presiding.

B. Attorney for Plaintiffs for all purposes is Armand L. Andry, One South Dearborn, Suite 2100, Chicago, Illinois, 60603, 773/626-3058, Fax No. 773/626-3061, e-mail: armandandry@hotmail.com;

Attorneys of record and expected trial attorneys for Defendant City of Chicago are Rita Moran and Kathleen Manion, Office of the Corporation Counsel, 30 N. LaSalle St., Suite 1020, Chicago, Illinois, 60602, (312)744-4939/2-9866.

C.  Basis for Federal Jurisdiction: This matter was filed in State Court and removed by Defendants to the federal court. Jurisdiction of this action is based upon 28 U.S.C. §§ 1331 and 1343(a)(3) and this court's supplemental jurisdiction powers.

D.  Trial by jury has been requested by each party who has appeared thus far, Plaintiffs and Defendant City of Chicago.

E.  Nature of the claims asserted and any counterclaim including a brief statement of the factual context of the case: This is an action by residents of the City of Chicago, Illinois arising under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983 and under the Illinois State Constitution and State laws. Defendants are the City of Chicago, Chicago police officers Vazquez, Birmingham, Turney, Curry and Sanchez ("Named Defendant Officers") and certain unknown officers.

Plaintiffs allege the follow facts: On or about 1:00 a.m., on November 29, 2005 Plaintiffs were in their home at 165 N. LaPorte, Chicago, Illinois, a two flat building with a basement apartment and were not violating any law at the time and place above when the Named Defendant Officers and certain now unknown police officers broke down the door of each apartment, and entered with guns drawn and pointed weapons at each Plaintiff and without consent searched their apartments. When Plaintiffs asked on what authority they were procceding Defendants answered that they had a warrant for someone other than any of the Plaintiffs and the warrant did not indicate what apartment unit was to be searched. Plaintiffs complained to the Chicago Police Department about the activities After the improper search of the premises and after Plaintiffs complained, Defendant, THE CITY OF CHICAGO, filed a notice of violation and summons, Dept. of

2

Buildings NOV# 506F067321 against Katherine Young, the deceased co-owner with her husband, Plaintiff CLAY YOUNG of the premises at 165 N. LaPorte, Chicago, Docket no. 506F067321, alleging building code violations on December 5, 2005, six days after the police action. Plaintiff CLAY YOUNG received a letter concerning code violations the alleged violations which included violations for a broken exterior door which was the door broken in by the police; failure to post management signs and a loose toilet bowl from John E. Knight, Commissioner. The letter stated, inter alia, "STF, working in conjunction with the Department of Law, Fire, Police and Health, strives to reduce crime and improve the quality of life in buildings throughout the City of Chicago. Typically, buildings that have been inspected by STF are those identified by the Police Department as locations associated with criminal activity." Prior to the police action Plaintiff CLAY YOUNG had never received a building.

Plaintiffs further allege the following: Plaintiffs were assaulted and humiliated by Defendants Chicago Police Officers. Plaintiff CLAY YOUNG, was retaliated against by Defendant CITY OF CHICAGO, for complaining about the actions by the Defendants. The actions outlined above by Defendants violated the Plaintiffs' rights against unreasonable search and seizure under the Civil Rights Act and the Fourth and Fourteenth amendments to the U.S. Constitution; The Illinois Constitution and Illinois law.

As Affirmative defenses the City alleges protection under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/9-102 (2006) and the statue of limitations for any claim under Illinois state law. 745 ILCS 10/8.

F. Relief sought is money damages in amounts not yet capable of being calculated and injunctive relief to clear Plaintiff's records.

G. Defendants not served. Named Defendant Officers Vazquez, Birmingham, Turney and Curry have not been served. Unknown defendant officers have not been served.

H. Principal legal issues: The parties anticipate that major legal issues include: what constitutes actionable violations under 42 U.S.C Section 1983.

I. Major factual issues. The parties anticipate that substantial factual issues include:

   i. Whether the facts asserted by Plaintiffs are true;

   ii. Whether Plaintiff Clay Young was retaliated against because he complained;

   iii. The nature and extent of Plaintiffs' injuries.

J. Anticipated motions: Unknown at this time.

K. Proposed discovery plan pursuant to F. R. Civ. P. 26(f):

   a. Deadline to exchange initial disclosures required by Fed. R. Civ. P. 26(a)(1):

      i. July 15, 2008.

   b. Deadline to join other parties and amend the pleadings:

      i. Plaintiff's deadline is: November 1, 2008.

      ii. Defendant's deadline is November 1, 2008.

   c. Dispositive motions must be filed by March 31, 2009.

   d. Deadline to complete discovery:

      i. January 31, 2009.

   e. Dates for conferences before trial, a final pretrial conference, and trial:

      i. The parties request a final pretrial conference in May or June 2009.

L. The case shall be ready for trial by July 31, 2009.

   a. A jury has been requested in this claim.

   b. It is anticipated that the length of trial will be 7 days.

M. There have been no settlement discussions. Defendant City's attorneys have only recently entered their appearances. The Parties may desire a settlement conference with a magistrate judge after discovery closes.

N. Consent to Proceed Before a Magistrate Judge:

The parties do not consent to proceed before a Magistrate Judge.

Dated: June 18, 2008

Respectfully submitted,

City of Chicago

BY: *Kathleen D. Manion*
KATHLEEN D. MANION
Corporation Counsel
30 N. LaSalle Street
Suite 1020
Chicago, IL 60602
(312) 742-9866

/s/ Armand L. Andry
Armand L. Andry
Attorney for Plaintiff
One South Dearborn
Suite 2100
Chicago, Illinois 60603
773/626-3058
Fax: 773/626-3061
e-mail: armandandry@hotmail.com

ENTER:

_____
Robert W. Gettleman
United States District Judge